### HERBERT W. OVIATT *vs.* JAMES F. TOOLE.

Third Judicial District, New Haven, January Term, 1922.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

In an action by a real-estate broker to recover his commission, the only issue was whether the plaintiff had produced a person who was ready, willing and able to accept the terms offered by the defendant. The trial court decided that he had, and set forth the subordinate facts underlying that conclusion. *Held* that the evidence amply justified these findings and the conclusion based thereon, and made it quite plain that the failure to effect an actual sale of the property was not due to any act of the prospective purchaser, who had accepted the defendant's original written offer and made an advanced payment of $500, but to the refusal of the defendant to stand by that offer and his belated attempt to impose other and more burdensome terms of sale.

Argued January 17th—decided February 21st, 1922.

ACTION to recover a broker's commission for procuring a purchaser of the defendant's real estate, brought to and tried by the Superior Court in New Haven County, *Hinman, J.;* facts found and judgment rendered for the plaintiff for $3,344, and appeal by the defendant. *No error.*

*Walter J. Walsh,* for the appellant (defendant).

*Carl A. Mears,* for the appellee (plaintiff).

BURPEE, J.   The only issue in this case was whether the plaintiff produced a person who was ready, willing and able to accept and live up to the terms offered by the defendant for the sale of his real estate.   The trial court decided this issue in favor of the plaintiff, and made a finding of facts in which it set forth the subordinate facts upon which that conclusion was reached. The defendant requests that this finding be corrected by striking out that part which states the court's conclusion, because the evidence was not sufficient to support it, and by substituting certain facts which he claims were undisputed.   Having examined the whole record containing the evidence in the case, we have discovered no reason to correct the finding in any respect.

It was admitted that the defendant employed the plaintiff to sell his property and stated in writing the terms on which he agreed to sell.   It is not disputed that the plaintiff submitted these terms as they were thus stated to a possible purchaser, who accepted them and paid $500 in part payment.   This occurred early in February, 1920.   In the written terms so offered and accepted, the purchase price was stated, but not the time of payment.   The defendant, however, orally instructed the plaintiff, and the plaintiff informed the prospective purchaser, that the defendant would not deliver a deed or possession of the premises until June 1st, 1920, and that the cash payment would not be required until the transfer took place.   The would-be purchaser testified that he was ready and willing to live up to these terms, and had manifested his sincerity by his deposit of $500 in part payment and his undertaking to deposit $4,500 more in sixty days.   We find no evidence contradicting this testimony, or indicating

that the defendant at any time had any doubts about the buyer's willingness or readiness to accept the offered terms of sale.'

As to his financial ability, the proposed purchaser testified that he was able and had made arrangements to meet the given terms of the sale when the defendant should transfer the property to him on June 1st, 1920, and referred to his banking places. The defendant made no question about financial ability during the transaction, and offered no evidence concerning the matter during the trial. On the contrary, he admitted that after he had been informed that the plaintiff had found this purchaser and who he was, the defendant refused to complete the sale unless this purchaser would accept materially different terms from those which the defendant had stated. These new terms had no connection with the readiness, willingness or financial ability of the person produced by the plaintiff. They were intended to impose new and less advantageous conditions upon the terms of sale. The proposed purchaser refused to accept them, but was still ready to carry out the proposition originally made to him. Plainly, therefore, it was for reasons of his own, and not because of any failure of the plaintiff, that the defendant declined to accept the results of the plaintiff's services, and on the next day sold and conveyed the property to other persons.

These admitted and undisputed subordinate facts sustain the conclusion of the trial court concerning the fundamental issue in this case, and justify its decision in favor of the plaintiff.

There is no error.

In this opinion the other judges concurred.